Ingraham J., (after stating the facts)
Several questions of importance as to the right of a prisoner to be discharged on bail have been ably argued before me, but the views which I entertain in regard to this application are such as to render the decision of these questions unnecessary in the present case.
1st. The indictment having been found against the prisoner . before his arrest, it was unnecessary to have any examination before a magistrate, and it became the duty of the court, on receiving the indictment, to order a warrant to issue for the arrest of the party therein charged with felony. The order of the sessions sending the case to Justice Dowling to be investigated was an unnecessary and irregular order, and did not alter the liabilities of the party or relieve him from the consequences which followed the finding of the indictment against him. The supposition,therefore,that it is simply a proceeding to review Justice Dowling’s decision, not to admit the prisoner to bail— upon the ground that the prisoner, in offences of this character, has a right to be bailed—is a mistake. The justice, when the case was sent back to him for further examination, did not acquire any right to let the prisoner to bail. That power ceased whenever a bill of indictment was found, and that indictment remained in full force against the prisoner notwithstanding the order of the General Sessions. In fact, the order of that court sending back the case to the police justice was an unusual proceeding, not provided for by the statute, and not required by any rule or provision of criminal law within my knowledge. I am referred to the opinion of Judge Edmonds in the case of Dewey on these questions, but there the case was in the *210 and. Terminer; the Deweys had been arrested and brought before a magistrate, and had been deprived of the benefit of the examination provided by the statute, by being indicted before such examination was completed. But in that case the learned justice says:—“ It is true that a person may be indicted in the first instance without any preliminary- arrest, and thus by the action of the Grand Jury be deprived of the preliminary examination.” The opinion in that case does not apply here, and I do not feel at liberty to give any force to the orders of the General Sessions sending the case to Justice Dowling for examination, because the same was not warranted or required by the statute. The prisoner having been indicted in the Court of Sessions, that court had, during its session, the right to let the prisoner to bail. This is provided by the Be-vised Statutes, 3d vol., 5th ed., page 1,020, section 59. That section directs that in cases where by law persons indicted may be let to bail for their appearance, they may be.so let to bail by the court having jurisdiction to try the offence or, if such court be not sitting, by any j ustice of the Supreme Court, and if the offence may be tried in a Court of General Sessions, by a county judge ; and section 60 prohibits any other officer from letting to bail any person indicted for any offence. It is apparent from these provisions, that when the case was sent to" Justice Dowling he had no authority to let the prisoner to bail; and it is equally clear that during the session of the court having jurisdiction to try the offence, such court alone has authority under the statute to let to bail, and that a justice of the Supreme Court is only authorised to do so where the court has closed its session. It has also been suggested on this application that, as the Court of Sessions has committed the prisoner, the right to bail has been adjudicated. This was the decision of the General Term in the People against Cunningham, 3 Park. Cr. R., 520. Such would undoubtedly be the proper rule if the decision of the Court had been made before the allowance of the writ and such facts appeared in the return. It may well be doubted whether a proceeding on habeas corpus or certiorari can be defeated by such a commitment made after the allowance and issue of the writ. It is not, however, necessary for-me to-discuss this branch of the case? as for the reasons before stated I think the prisoner at *211 this time can only be bailed by the Court, and'that a magistrate out of court has no authority until after the session of the court has terminated, and even then it might be considered res ad judicata if the Court during its session should pass upon such an application. The prisoner must be remanded to custody.